[No. 19722.  Department Two.  July 2, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK LOUIE, *Appellant.*[1]

[1] LOTTERIES (1)—ELEMENTS OF OFFENSE.  Under Rem. Comp. Stat., § 2464, making it a felony to contrive, propose or draw a lottery or assist in so doing, and § 2466, making it a gross misdemeanor for the owner of a building to knowingly let or permit the building to be used for the purpose of a lottery, it is error, in a prosecution for the felony, to instruct that a person who permitted a lottery to be operated in a building owned by him was guilty of the crime charged.

Appeal from a judgment of the superior court for King county, Hall, J., entered August 12, 1925, upon a trial and conviction of operating a lottery. Reversed.

*John F. Dore* and *John J. Sullivan,* for appellant.

*Ewing D. Colvin* and *Allen Peyser,* for respondent.

MACKINTOSH, J.—The appellant, jointly with others, is charged by information with contriving, proposing and drawing a lottery, or assisting in so doing, and has appealed from the judgment of conviction.

¹Reported in 247 Pac. 728.

Section 2464, Rem. Comp. Stat. [P. C. § 8965], defines a lottery and provides that every person who shall contrive, propose or draw a lottery, or assist in so doing, shall be guilty of a felony, and it was under this section that the prosecution was instituted. Section 2466 [P. C. § 8967], provides, among other things, that anyone "who shall knowingly let, or permit to be used, any building" for the purpose of a lottery shall be guilty of a gross misdemeanor.

The evidence introduced on behalf of the appellant was to the effect that he was the owner of the building in which this lottery was being conducted, but that his connection ceased there. Although there was evidence in the case on which the jury might have found that his contention was untrue and that he was contriving, proposing or drawing a lottery, or at least assisting in so doing, yet he was entitled to have the jury instructed upon his theory of the case, in conformity with the evidence produced in his defense. If his evidence was believed, he is not guilty of the felony with which he was charged, but is guilty of a gross misdemeanor.

The court in instructing the jury, however, after defining the meaning of the words, contriving, proposing or drawing a lottery, or assisting in so doing, gave an instruction which was to the effect that a person who permitted a lottery to be operated in a building owned by him was guilty of the crime charged, whereas, as a matter of fact, he would not be so guilty, as has been noticed, but of the lesser offense under § 2466. Nor, so far as we can find in the record, was the instruction given that the defendant requested to the effect that the appellant could not be found guilty if his only connection with the lottery was the leasing of the building wherein it was conducted. The instruction complained of, and which we find erroneous, stated that the

words contriving, proposing, or drawing a lottery, or assisting in so doing, "apply to one who . . . permits a lottery to be operated therein," which is the very offense lesser than that with which the appellant is charged, and covered by the latter section.

Error is also predicated upon the admission of certain testimony, which we hold was properly admitted, and upon the failure of the court in holding that there was sufficient evidence to sustain a verdict. As has already been suggested, there was an abundance of evidence on which the jury might have convicted the appellant of the crime as charged. Other instructions were also objected to, which we hold have been correctly given; and the other error, relating to the conduct of a juror, is something which will not occur upon a retrial of this case.

Because of the erroneous instruction, the judgment is reversed, and a new trial granted.

TOLMAN, C. J., PARKER, MITCHELL, and ASKREN, JJ., concur.